Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| CARLOS M. BARENS PÉRES Y OTROS<br><br>Demandantes<br><br>v.<br><br>JUAN RODRÍGUEZ CLAUDIO Y OTROS,<br><br>Demandados-Recurridos<br><br>COLEGIO DE INGENIEROS Y AGRIMENSORES DE PUERTO RICO<br><br>Peticionario | TA2026CE00659 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: BY2024CV03426<br><br>Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de junio de 2026.

El Tribunal de Primera Instancia ("TPI") ordenó la paralización de un procedimiento disciplinario que se conduce ante el Colegio de Ingenieros y Agrimensores (el "Colegio"). Según se explica en detalle a continuación, concluimos que erró el TPI, pues la autoridad del Colegio para conducir dicho proceso es independiente de, y tiene fines distintos a, la acción civil relacionada que está pendiente ante el TPI.

I.

En junio de 2024, el Sr. Carlos M. Barens Pérez y OBF Builders, Corp. (los "Demandantes"), instaron la acción de referencia, sobre incumplimiento de contrato, cobro de dinero y daños (la "Demanda"), en contra del Ing. Juan Rodríguez Claudio (el "Ingeniero"). En síntesis, alegaron que el Ingeniero realizó de forma incompleta, parcial o deficiente unos trabajos relacionados con el desarrollo de varios proyectos de vivienda.

Al cabo de varios trámites procesales que no es necesario pormenorizar, el 9 de octubre de 2025, uno de los aquí demandantes (Sr. Barens Pérez) presentó una *Querella* (Q-CE-2025-015, o la "Querella") ante el Colegio. En la misma, le imputó al Ingeniero la infracción de los Cánones 2, 4, 6, 7 y 10 de los *Cánones de Ética del Ingeniero y Agrimensor*.

Por su parte, ante el Tribunal Disciplinario y de Ética Profesional del Colegio (el "Foro Administrativo"), el Ingeniero solicitó la paralización del trámite de la Querella. El 6 de noviembre, el Foro Administrativo denegó la solicitud de paralización del Ingeniero y le ordenó contestar la *Querella*.

El Ingeniero entonces le solicitó al TPI, el 2 de diciembre, que ordenase la paralización del trámite de la Querella (la "Moción"). Arguyó que los Demandantes intentaban "litigar en dos foros" las alegaciones de la Demanda.

Luego de que los Demandantes se opusieran a la Moción, mediante una Orden notificada el 17 de febrero de 2026 (la "Primera Orden"), el TPI declaró con lugar la Moción. La Primera Orden no fue notificada al Colegio por el TPI.

No obstante, a través de los trámites de la Querella, el Colegio supo de la Primera Orden y, el 27 de febrero de 2026, el Colegio, sin someterse a la jurisdicción del TPI, a través de representación legal, instó una *Comparecencia Especial*. Planteó que la Primera Orden debía dejarse sin efecto.

El 22 de abril, el TPI notificó una *Orden de Paralización Enmendada* (la "Orden"). La misma fue notificada al Colegio, de forma simultánea y electrónica, por conducto de la representación legal que suscribió la referida *Comparecencia Especial*. El TPI también ordenó que la Orden se diligenciara personalmente al Colegio por conducto de la Oficina de Alguaciles del TPI.

Inconforme con la Orden, el 22 de mayo, el Colegio presentó el recurso que nos ocupa[1]; formula los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al expedir una orden de paralización de los procedimientos disciplinarios llevándose a cabo en el CIAPR, a pesar de no tener jurisdicción.

2. Erró el Tribunal de Primera Instancia al expedir una orden de paralización de los procesos disciplinarios llevándose a cabo en el CIAPR, sin citarlo a la celebración de vista argumentativa, violando su debido proceso.

3. Erró el Tribunal de Primera Instancia al expedir una orden de paralización de los procesos disciplinarios llevándose a cabo en el CIAPR, al no existir los escenarios extremos que lo justificasen.

Mediante una *Resolución* de 26 de mayo, le ordenamos al Ingeniero mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la Orden.

El 1 de junio, el Ingeniero presentó una *Moción en Cumplimiento de Orden y Solicitud de Desestimación por Prematuro*[2]. Arguye que la Demanda y la Querella "descansan sobre el mismo núcleo fáctico", por lo cual el TPI, "en su facultad inherente de manejo de caso", tiene autoridad para paralizar el trámite de la Querella, ello con el fin de "evitar determinaciones incompatibles". Plantea que, en este caso, el "trámite administrativo depende de una determinación previa que corresponde al foro judicial". Resolvemos.

## II.

Concluimos que TPI erró al ordenar la paralización de los trámites ante el Foro Administrativo[3]. Veamos.

---

[1] El Colegio también presentó una *Moción en Auxilio de Jurisdicción*, la cual denegamos mediante una Resolución de 26 de mayo.

[2] A su vez, los Demandantes presentaron un alegato en apoyo a la postura del Colegio.

[3] Contrario a lo planteado por el Ingeniero, el recurso no es prematuro. Ello porque la Orden fue debidamente notificada al Colegio el 22 de abril, por conducto de su representación legal de récord. Por tanto, en este contexto, es inconsecuente que la notificación adicional ordenada por el TPI no se hubiese

El Colegio se creó a los fines de agrupar a los profesionales con derecho a ejercer la ingeniería y la agrimensura en Puerto Rico. Véase Ley Núm. 319 de 15 de mayo de 1938, según enmendada ("Ley 319"), 20 LPRA secs. 731-743.

La Ley 319 delegó en el Colegio la facultad de aprobar los reglamentos que regirán las profesiones de la ingeniería y la agrimensura, así como investigar y adjudicar querellas contra cualquiera de sus miembros cuando estos hayan incurrido en posibles violaciones a los Cánones de Ética Profesional. Véase, Sección 2 incisos (f), (g), (h), y (k) de la Ley 319, 20 LPRA sec. 732 (f), (g), (h) y (k).

En cuanto al proceso disciplinario, una vez culminado el trámite ante el Foro Administrativo, si el Ingeniero no estuviese conforme con el resultado, puede solicitar revisión ante la Junta de Gobierno del Colegio y, luego, ante este Tribunal. Artículos 53 y 59 del Reglamento del Tribunal Disciplinario y de Ética Profesional del Colegio.[4]

El TPI erró al conceder la Moción porque la norma es que los procesos administrativos o disciplinarios son independientes de, y pueden conducirse a la misma vez que, procesos civiles o, incluso, penales, aunque traten sobre un mismo núcleo de hechos. *Trib. Exam. Méd. v. Cañas Rivera,* 154 DPR 29 (2001); *Reyes Salcedo v. Policía de P.R.*, 143 DPR 85, 96-97 (1997); *Mundo v. Tribunal Superior*, 101 DPR 302, 304-305 (1973).

Estos procedimientos son independientes uno del otro porque son de naturaleza distinta, persiguen fines distintos y usualmente implican estándares probatorios diferentes. *Trib. Exam. Med., supra,* 154 DPR a la pág. 39. En este caso, por ejemplo, la conducta del

---

producido a la fecha de la presentación del recurso, pues la misma era redundante.

[4] Colegio de Ingenieros y Agrimensores de Puerto Rico, Reglamento del Tribunal Disciplinario y de Ética Profesional, Arts. 53 y 59, págs. 20 y 21, 9 de junio de 2008.

Ingeniero pudiese generar responsabilidad en el ámbito civil, pero no conllevar sanción disciplinaria, o viceversa. Es decir, "una conducta puede no ser ilícita [civilmente] y a la vez ser contraria a la ética profesional." *Íd.*

Adviértase que, aunque el núcleo fáctico sea el mismo, los asuntos a dilucidar por el TPI, por un lado, y por el Foro Administrativo, por otro, son completamente distintos. El TPI deberá resolver si, a la luz del estándar de preponderancia de prueba, el Ingeniero incumplió con sus obligaciones contractuales, ello a la luz de las normas del Código Civil. Por su parte, al Foro Administrativo le corresponde determinar si, de conformidad con prueba clara, robusta y convincente, el Ingeniero infringió las normas éticas de su profesión (Cánones de Ética del Ingeniero y Agrimensor).

Más aún, el pronto descargue de la función del Colegio en este contexto es de alto interés público, pues en dicha institución se delegó, por ley, determinar si los miembros de la profesión de la ingeniería están aptos para ejercer la misma y, a su vez, determinar si ha ocurrido una desviación en cuanto al cumplimiento con las normas éticas aplicables. El interés público implicado en el desempeño de esta función es muy superior a la inconveniencia que pueda sufrir el Ingeniero al tener que defenderse en dos foros a la misma vez.

En fin, el Colegio tiene la prerrogativa de "tomar su propia decisión independiente basada en la evidencia" que se le presente. *Mundo, supra,* 101 DPR a la pág. 305. La misma prerrogativa le corresponde al TPI. Cometió error de derecho y abusó de su discreción el TPI al paralizar el trámite de la Querella.

III.

En atención a los fundamentos que anteceden, se expide el auto de *certiorari* y se deja sin efecto la *Orden de Paralización*

*Enmendada.* Se devuelve el caso al TPI para la continuación de los procedimientos de forma compatible con lo aquí resuelto y expuesto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones